UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GAIL DOWNING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:22-cv-00447 |
| | ) | |
| v. | ) | District Judge Campbell |
| | ) | |
| ASTRAZENECA PHARMACEUTICALS LP, | ) | Magistrate Judge Holmes |
| | ) | |
| Defendants. | ) | Jury Demanded |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by and through the undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.01, files this memorandum of law in support of its Partial Motion to Dismiss (Doc. 21). AstraZeneca moves the Court to dismiss Counts I, III and IV of the Amended Complaint (Doc. #15) filed by Plaintiff, Gail Downing.

I. INTRODUCTION

AstraZeneca terminated Ms. Downing's employment on December 6, 2021 for multiple violations of the Code of Ethics and other compliance issues. (Amended Compl. at ¶36). In response, Ms. Downing filed this lawsuit alleging that AstraZeneca terminated her in retaliation for making a report to AstraZeneca's HR Department. (Id. at ¶17). According to Ms. Downing, her report included claims that a sales representative employed by AstraZeneca[1] allegedly showed

---

[1] Because of the sensitive and confidential nature of personnel information related to an individual who is not a party to this lawsuit, AstraZeneca has refrained from using the name of the co-worker in this memorandum. Instead, it references the co-worker who Ms. Downing claims engaged in the allegedly inappropriate conduct as "Co-Worker."

a sexually inappropriate photograph to a medical provider and a witness, neither of whom were employed by AstraZeneca, and discussed with these third parties her sexual relationship with a minor. Ms. Downing's use of salacious accusations against the Co-Worker serves no purpose other than to smear the reputation of a non-party to this lawsuit. The accusations certainly have no bearing in any type of retaliation claim. The Co-Worker's interactions with non-employees of AstraZeneca cannot possibly constitute a violation of Title VII or protected activity of any kind. In the absence of protected activity, Counts I and IV fail as a matter of law. As for Count III, Tennessee no longer recognizes a common law claim for retaliatory discharge so it also fails as a matter of law.

Counts I, III and IV of the Amended Complaint (Doc. #15) are as follows:

- Count I – Disparate treatment because of age and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
- Count III – Retaliatory discharge in violation of Tennessee common law
- Count IV – Retaliatory discharge in violation of the Tennessee Public Protection Act, T.C.A. § 50-1-304, ("TPPA")

(Id. at ¶¶ 49-76). Counts II and V relate to age discrimination. AstraZeneca does not concede that Counts II and V are valid claims as a matter of law. However, in this motion, AstraZeneca only seeks dismissal of Counts I, III and IV.

## II. LEGAL STANDARD

The Court recently restated the legal standard for a motion to dismiss under Rule 12(b)(6) in *Hasting v. First Community Mortgage*:

> "[T]he Court must take all of the factual allegations in the complaint as true. [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.* at 678; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018) (citing *Fritz*). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), it may be appropriate to 'begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth.' *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include 'bare assertions,' formulaic recitation of the elements, and 'conclusory' or 'bald' allegations. *Id.* at 681. The question is whether the remaining allegations — factual allegations, i.e., allegations of factual matter — plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683."

No. 3:17-cv-00989, 2018 U.S. Dist. LEXIS 189742, at *4-6 (M.D. Tenn. Nov. 6, 2018).[2]

### III. ANALYSIS

#### A. Count I -- Ms. Downing Failed to State a Retaliation Claim under Title VII

The Court should dismiss Count I of the Amended Complaint because Ms. Downing failed to state that she engaged in protected activity.

To establish a *prima facie* case of retaliation, Ms. Downing must demonstrate that (1) she engaged in a protected activity, (2) AstraZeneca knew about the protected activity, (3)

---

[2] AstraZeneca has attached a copy of this unpublished decision as Exhibit 1.

AstraZeneca took an adverse employment action against her, and (4) there was a causal connection between the protected activity and the adverse employment action. *Jenkins v. Regents of the Univ. of Mich. Health Sys.*, 763 F. App'x 545, 552 (6th Cir. 2019).

Protected activity under Title VII "means the employee either (1) opposed an employer's discriminatory activity or practice made unlawful by Title VII, or (2) testified, assisted, or participated in an investigation or proceeding under Title VII." *Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 357 (6th Cir. 2020). Further, regardless of which category the protected activity falls under, "the key question is whether the complaint concerns conduct between an employer and its employee." *Id.* Title VII makes it unlawful for an *employer* to discriminate against its employees with respect to "…terms, conditions, or privileges of employment" because of the employee's protected characteristics. 42 U.S.C. §2000e-2(a). The plain language of Title VII does not apply to an entity that does not employ the individuals who were the victims of the alleged "harassment" as the non-employer has no power to affect the terms, conditions or privileges of individuals it does not employ.

The Amended Complaint includes no allegations that support the first prong of the *prima facie* case, making it impossible for Ms. Downing to establish the claim alleged in Count I. Ms. Downing alleges in the Amended Complaint that AstraZeneca retaliated against her when it terminated her employment based on her report that Co-Worker violated AstraZeneca's anti-harassment policies and sexually harassed third-party non-employees (Amended Compl. ¶ 51). Courts have recognized that Title VII's protection is limited to individuals who are employees. *See Walton v. Interstate Warehousing, Inc.*, No. 3:17-cv-1324, 2020 U.S. Dist. LEXIS 58132, at *11 (M.D. Tenn. April 2, 2020).[3] Co-Worker's alleged conduct necessarily does not violate Title VII

---

[3] AstraZeneca has attached a copy of this unpublished decision as Exhibit 2.

because AstraZeneca did not employ the third-party provider or witness. Therefore, Ms. Downing did not engage in protected activity. Because the Amended Complaint fails to state facts that could establish the first prong of the *prima facie* case, Count I purporting to assert a Title VII retaliation claim should be dismissed.

### B. Count III -- Common Law Retaliation Claims Do Not Exist in Tennessee

Effective July 1, 2014, the Tennessee legislature amended the TPPA to preclude a plaintiff, such as Ms. Downing, from seeking recovery under both the common law and the TPPA for retaliatory discharge based on the refusal to remain silent about, or participate in, illegal activities. T.C.A. §50-1-504(g). The TPPA codified, abrogated, and superseded Tennessee's common law theory of retaliatory discharge. *Williams v. City of Burns*, 465 S.W.3d 96, 109 n.11 (Tenn. 2015); *see also Knisley v. CEC Ent. Inc.*, No. 3:19-cv-00495, 2019 U.S. Dist. LEXIS 234308, at *3 n.4 (M.D. Tenn. Oct. 23, 2019)[4]; *Gammons v. Adroit Med. Sys.*, 568 F. Supp. 3d 919, 925 (E.D. Tenn. 2021); *Hood v. City of Memphis Pub. Works Div.*, No. 2:17-cv-02869-SHM, 2021 U.S. Dist. LEXIS 44920, at *8 (W.D. Tenn. Mar. 10, 2021)[5]; *Harris-Anderson v. Quince Nursing & Rehab. Ctr., LLC*, No. 2:19-cv-02032, 2020 U.S. Dist. LEXIS 139661, at *6 (W.D. Tenn. Aug. 5, 2020)[6] ("[T]he 2014 amendments…expressly abrogated common law *retaliatory discharge claims* . . . ."). Because Count III is based entirely on common law that has been replaced by the TPPA, Count III should be dismissed.

### C. Count IV – Ms. Downing Failed to State a TPPA Claim

---

[4] AstraZeneca has attached a copy of this unpublished decision as Exhibit 3.

[5] AstraZeneca has attached a copy of this unpublished decision as Exhibit 4.

[6] AstraZeneca has attached a copy of this unpublished decision as Exhibit 5.

Ms. Downing claims that AstraZeneca terminated her employment in violation of the TPPA because she refused "to participate in and/or [refused] to remain silent about illegal activities of Defendant." (Amended Compl. at ¶ 66). Ms. Downing fails, however, to identify any illegal activity of AstraZeneca. Instead, Ms. Downing claims only that she "refused to remain silent about [an employee's] sexual harassment of a provider and inappropriate sexual conduct with regard to a minor in violation of Title VII of the Civil Rights Act of 1964, the Tennessee Human Rights Act ("THRA"), and Tennessee Criminal Code as pertains to inappropriate sexual activity involving a minor." (Id. at ¶ 67).

Under the TPPA, "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." T.C.A. §50-1-304(b). Termination for refusal to participate and termination for refusal to remain silent are distinct claims under the TPPA. Ms. Downing has pled only a refusal to remain silent claim. The Court should dismiss the claim under the TPPA because of Ms. Downing's failure to allege that AstraZeneca engaged in any illegal activities. *See, e.g., Richmond v. Vanguard Healthcare Servs., LLC*, No. M2014-02461-COA-R3-CV, 2016 Tenn. App. LEXIS 66, at *16-27 (Tenn. Ct. App. Jan. 29, 2016).[7]

Ms. Downing's claim is entirely devoted to the alleged private conduct of the Co-Worker, though Ms. Downing has no direct knowledge of the conduct as she only heard stories from other sources. The alleged "illegal activities" Ms. Downing asserts that she refused to remain silent about involved private issues between the Co-Worker and other parties not employed by AstraZeneca. Further, the alleged illegal activities are wholly unrelated to the business of AstraZeneca. Imposing liability for the termination of a whistleblower "must be limited to situations in which an employee

---

[7] AstraZeneca has attached a copy of this unpublished decision as Exhibit 6.

has exposed the *wrongful conduct of the employer* in furtherance of the public interest…" *Haynes v. Formac Stables, Inc.*, 463 S.W.3d 34, 41 (Tenn. 2015) (emphasis added); *see also Williams v. Greater Chattanooga Pub. Television Corp.*, 349 S.W.3d 501, 515 (Tenn. Ct. App. 2011) (plaintiff must show that he or she reasonably believed the employer was engaging in illegal activity); *Hayes v. Elmington Prop. Mgmt.,* No. 2:19-cv-02312-JTF-jay, 2019 U.S. Dist. LEXIS 226377, at *31 (W.D. Tenn. Dec. 20, 2019) (TPPA did not apply to plaintiff's reporting of tenants' marijuana use because the reporting did not expose the wrongful conduct of his employer).[8] Like the plaintiff in *Hayes*, Ms. Downing cannot create a TPPA claim by reporting conduct of a *co-worker* that she believes is illegal – instead, she must report conduct of her *employer* that is illegal.

Ms. Downing incorrectly asserts that the Co-Worker's interaction with the third parties amounts to a violation of Title VII or the THRA. In this context and as explained *supra*, Title VII and the THRA do not cover the provider or any other third party that is not employed by AstraZeneca. Ms. Downing's characterization that the Co-Worker's conduct violated AstraZeneca's anti-harassment policies is incorrect. (Amended Compl. at ¶ 51). While Title VII's protections apply to employees harassed by third parties in the course of employment, Title VII does not protect non-employees from harassment. Courts generally interpret the THRA identically to Title VII and have found that claims under the THRA require the existence of an employer-employee relationship. *Walton* at *10-11.[9]

AstraZeneca did not employ the medical provider or the witness. The conduct of the Co-Worker directed at the non-employee third parties is beyond the bounds of either Title VII or the THRA. Because the conduct of the Co-Worker is unquestionably outside the purview of Title VII

---

[8] AstraZeneca has attached a copy of this unpublished decision as Exhibit 7.
[9] AstraZeneca has attached a copy of this unpublished opinion as Exhibit 8.

and the THRA, Ms. Downing's claim that the Co-Worker violated either law is simply wrong. The TPPA claim fails as Ms. Downing alleges no underlying violation of any law by AstraZeneca.

## IV. CONCLUSION

For the reasons set forth above, AstraZeneca respectfully requests entry of an order of dismissal for Counts I, III and IV in its favor and against Ms. Downing and for all just and proper relief.

Respectfully submitted,

/s/ Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Stephen C. Stovall (TN #37002)
Jackson Lewis P.C.
CitySpace
611 Commerce Street, Suite 3102
Nashville, TN 37203
Telephone: (615) 565-1661
leslie.sanders@jacksonlewis.com
stephen.stovall@jacksonlewis.com

*Attorneys for Defendant*
*AstraZeneca Pharmaceuticals LP*

## CERTIFICATE OF SERVICE

I certify that, on October 14, 2022, I filed the foregoing *Memorandum of Law in Support of Defendant's Partial Motion to Dismiss* via the Court's electronic filing system, which will automatically notify and send a copy of that filing to:

Rebecca W. Demaree
Peter C. Robison
Seth R. Granda
CORNELIUS & COLLINS, LLP
211 Athens Way, Suite 200
Nashville, TN 37228
rwdemaree@cclawtn.com
pcrobison@cclawtn.com
srgranda@cclawtn.com

*Attorneys for Plaintiff*

/s/ Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*