IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GAIL DOWNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:22-cv-00447 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| ASTRAZENECA | ) MAGISTRATE JUDGE HOLMES |
| PHARMACEUTICALS LP, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Pending before the Court is Defendant AstraZeneca Pharmaceuticals LP's ("AstraZeneca") Partial Motion to Dismiss. (Doc. No. 21). Plaintiff Gail Downing filed a Response (Doc. No. 26), and Defendant filed a Reply (Doc. No. 27).

For the reasons stated, Defendant's motion to dismiss will be GRANTED in part, and DENIED in part.

### I.  BACKGROUND[1]

Plaintiff Gail Downing was employed by AstraZeneca as a sales manager. (Am. Compl., Doc. No. 15, ¶¶ 8-12). In her capacity as sales manager, Plaintiff received a report that a sales representative under her supervision (the "Co-Worker") showed a sexually explicit photograph of a minor to a provider during a company visit and told the provider about her sexual relationship with the person depicted in the photograph. (*Id*., ¶¶ 12-14). Plaintiff also learned that the Co-Worker shared information with another AstraZeneca sales representative about that sexual relationship. (*Id*., ¶ 19).

---

[1] All facts are as alleged in the Amended Complaint. (Doc. No. 15).

Plaintiff reported these incidents to the human resources department at AstraZeneca.[2] (*Id.*, ¶ 27). AstraZeneca began an investigation, but the investigation was put on hold because the Co-Workers was on leave. (*Id.*, ¶ 29).

When the Co-Worker returned to work several months later, she made allegations against Plaintiff and others. (*Id.*, ¶ 31). AstraZeneca investigated the Co-Worker's allegations. (*Id.*). Ultimately, Plaintiff was fired and replaced by a younger employee, and the Co-Worker, who was significantly younger than Plaintiff, continued to work for AstraZeneca. (*Id.*, ¶¶ 36, 37, 48).

Plaintiff brings state and federal law claims for age discrimination and retaliation – specifically: (1) age discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Count 1); (2) age discrimination and retaliation in violation of the Tennessee Human Rights Act, Tenn. Code Ann. §§ 4-21-101, *et seq*. (Count 2); (3) retaliatory discharge under Tennessee common law (Count 3); (4) retaliation in violation of the Tennessee Public Protection Act, Tenn. Code Ann. §§ 50-1-304 (Count 4); and (5) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. (Count 5).

Defendant moves to dismiss Counts 1, 3, and 4.

---

[2] The Amended Complaint does not state whether Plaintiff informed AstraZeneca about the Co-Workers's communications with the AstraZeneca sales agent or if her report only concerned the incidents with providers. However, because Plaintiff alleges AstraZeneca interviewed Brice Roberts as part of its investigation, the Court will construe the Amended Complaint to allege that Plaintiff also reported that the Co-Worker told Brice Roberts that she (Co-Worker) was having a sexual relationship with a minor.

## II. STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

## III. ANALYSIS

### A. Title VII

Title VII prohibits an employer from discriminating against an individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits an employer from "discriminat[ing] against any of [its] employees … because [an employee] has opposed any practice made an unlawful employment practice by [Title VII], or because the

employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

Title VII Plaintiffs need not allege the elements of a prima facie case under the familiar *McDonnell Douglas* framework to avoid dismissal. *Charlton-Perkins v. Univ. of Cincinnati*, 35 F.4th 1053, 1060 (6th Cir. 2022) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). A complaint alleging retaliation claims need only allege facts sufficient to allow the court to "draw the reasonable inference" that the employer discriminated or retaliated against the plaintiff. *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012). The retaliation, however, must be tied to Plaintiff opposing a practice made unlawful under Title VII or making a charge or participating in a Title VII investigation or proceeding. *See* 42 U.S.C. § 2000e-3(a). This activity – opposing a practice made unlawful under Title VII or making a charge or otherwise participating in a Title VII investigation – is generally referred to as "protected activity." Importantly, the "protected activity" must involve conduct between an employer and an employee. *See Stanley v. ExpressJetAirlines, Inc.*, 808 F. App'x 351, 357 (6th Cir. 2020) ("[T]he key question is whether the complaint concerns conduct between an employer and its employee.") (quoting David. C. Singer and Joshua Colangelo-Bryan, *Protected Activity Under Title VII Retaliation Claims*, 231 N.Y.L.J. 2 (Feb. 6, 2004)). If the alleged basis of the retaliation is not plausibly related to Title VII, a retaliation claim under Title VII fails.

Defendant argues Plaintiff's retaliation claim under Title VII fails to state a claim because Plaintiff's underlying report concerned sexual harassment that was directed at non-employees, which does not fall under Title VII. (Doc. No. 22 at 4-5). Plaintiff contends the Title VII claim retaliation claim does not require a successful underlying sexual harassment claim to obtain Title VII's retaliation protection, only that the plaintiff had a reasonable and good faith belief that the

4

reported conduct was a Title VII violation. (Doc. No. 26 at 10 (citing *Tenpenny v. Prime Now, LLC*, No. 3:19-cv-00420, 2020 WL 2062121 (M.D. Tenn. July 16, 2020))).

Defendant is correct that Title VII does not apply to non-employees. *See Walton v. Interstate Warehousing, Inc.*, No. 3:17-cv-1324, 2020 WL 1640440, at *11 (M.D. Tenn. Apr. 2, 2020) (holding Title VII does not apply to non-employees). To be sure, the Co-Workers alleged conduct may have violated AstraZeneca's internal policies, it may have been sexual harassment. The question, however, is not whether Plaintiff reported sexual harassment. The question is whether Plaintiff "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *See* 42 U.S.C. § 2000e-3(a). Under the facts alleged in the Amended Complaint, Plaintiff's charge of sexual harassment did not report conduct that falls under Title VII. Therefore, her claim for retaliation based on the report does not state a claim under that statute.

Given that Title VII is an employment discrimination statute and that it governs relationships between employers and employees, Plaintiff's professed good faith belief that the Co-Worker's conduct toward a non-employee violates Title VII does not save her claim. The possibility that AstraZeneca's internal policies may have obligated Plaintiff to report the conduct does not transform the complaint about the Co-Worker's conduct toward non-employees into a protected activity.

The Amended Complaint also purports to bring a claim for age discrimination under Title VII. (*See* Am. Compl., Doc. No. 15, ¶ 50 (alleging "Plaintiff has been subject to disparate treatment because of her age in violation of Title VII"). The parties have not discussed the Title VII age discrimination claim. This may be in recognition that age discrimination in employment does not fall under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination based on race, color,

5

Case 3:22-cv-00447   Document 33   Filed 07/20/23   Page 5 of 10 PageID #: 304

religion, sex, or national origin). To the extent Plaintiff intended to bring a claim for age discrimination under Title VII, that claim is also dismissed.

## B. TPPA

The Tennessee Public Protection Act ("TPPA"), also known as the "Whistleblower Act," applies to claims of retaliation because of a plaintiff's refusing to remain silent about illegal activities or for refusing to participate in illegal activities. *Williams v. City of Burns*, 465 S.W.3d 96, 110 (Tenn. 2015). The TPPA provides that "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-1-304(b). "Illegal activities" are "activities that are in violation of the criminal or civil code of [Tennessee] or the United States or any regulation intended to protect the public health, safety, or welfare." *Id*. at § 50-1-304(a)(3). !

A claim under the TPPA has four elements: (1) the plaintiff was an employee of the defendant; (2) the plaintiff refused to participate in or remain silent about illegal activity; (3) the defendant employer discharged or terminated the plaintiff's employment; and (4) the defendant terminated the plaintiff's employment solely for the plaintiff's refusal to participate in or remain silent about the illegal activity. *Id*. at 111. Whether the alleged conduct was in fact illegal is not dispositive; rather the employee must have had a "reasonable cause to believe a law, regulation, or rule has been violated or will be violated." *Williams v. Greater Chattanooga Pub. Television Corp*., 349 S.W.3d 501, 515 (Tenn. Ct. App. 2011) (citing *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997)).

Defendant argues the TPPA claim should be dismissed because the only illegal activity alleged by Plaintiff involved "private issues between the Co-Worker and other parties not employed by AstraZeneca," not any illegal activity by Defendant. (Doc. No. 22 at 6). Plaintiff

contends her report of illegal activity by the Co-Worker – alleged sexual harassment of third-parties, sexual activity involving a minor, and showing intimate depictions of the minor to third parties – is sufficient to state a claim under the TPPA. (Doc. No. 26 at 15).

The question raised by the parties is whether a report of alleged illegal activity on the part of an employee outside the scope of employment can serve as the basis for a retaliation claim under the TPPA. In support of its argument that the wrongful conduct must be wrongful conduct by the employer, Defendant cites *Haynes v. Formac Stables, Inc.*, 463 S.W.3d 34, 41 (Tenn. 2015); *Williams*, 349 S.W.3d at 515; and *Hayes v. Elmington Prop. Mgmt.*, No. 2:19-cv-02312, 2019 WL 8016518 (W.D. Tenn. Dec. 20, 2019) (report and recommendation of the magistrate judge *adopted*, 2020 WL 504673 (W.D. Tenn. Jan. 31, 2020)).

The reference to employer conduct in *Haynes* and *Williams* is dicta. In neither of these cases is the perpetrator of the alleged illegal conduct at issue. Rather, the issue in *Williams* was whether the plaintiff reasonably believed the conduct was illegal. 349 S.W.3d at 515. In *Haynes*, the court considered whether the employee had satisfied the reporting requirement, not who committed the alleged illegal activity. 463 S.W.3d at 38. *Hayes*, which is a report and recommendation by a magistrate judge in a *pro se* case, comes closest to the mark. 2019 WL 8016518. In that case, the magistrate judge recommended dismissal of the plaintiff's TPPA claims for three reasons, one of which was that plaintiff's report that tenants were smoking marijuana did not allege illegal activity by his employer (the property management company). *Id*. at *12. The recommendation of dismissal was also based on the finding that the plaintiff's report of marijuana usage was based on private concerns for "his morals and his health" rather than the public interest, and that the plaintiff did not allege sufficient facts to reasonable infer he was terminated for reporting marijuana use by tenants. *Id*. at *12.

7

*Hayes* is not persuasive. The recommendation is devoid of any legal analysis concerning whether the illegal conduct must be illegal conduct *by the employer*. Instead, *Hayes* cites to *Haynes*, which, as discussed above, concerns whether the employee met the reporting requirement, not who allegedly engaged in the illegal conduct. *See Hayes*, 2019 WL 8016518, at * 12 (citing *Haynes*, 463 S.W.3d at 41).

Neither the plain language of the TPPA nor the elements of a claim require that the illegal activity be activity of the employer. *See* Tenn Code Ann. § 50-1-304(b); *Williams v. City of Burns*, 465 S.W.3d at 111. Nor has Defendant cited any binding authority in support of its contention that only retaliation for reports of illegal *employer* conduct is actionable under the TPPA. Accordingly, the Court finds that the failure to allege Plaintiff refused to remain silent illegal conduct is not grounds for dismissal.

Defendant next argues that Plaintiff has not plausibly alleged any illegal activity because "the Co-Worker's interaction with the third parties" does not amount to a violation of Title VII or the Tennessee Human Rights Act ("THRA"). (Doc. No. 22 at 7). Defendant repeats its argument that sexual harassment of non-employees is not actionable under Title VII. But Defendant fails to address Plaintiff's allegations that the Co-Worker was engaged in a sexual relationship with a minor, had intimate photographs of the minor on her phone, and showed the photographs to a provider during visit to that provider as a representative of AstraZeneca. (*See* Am. Compl., Doc. No. 15, ¶¶ 12-14). Plaintiff has plausibly alleged that she reasonably believed the Co-Worker's conduct was illegal. At this stage, the Court finds Plaintiff has plausibly alleged a claim under the TPPA.

8

**C. Common Law Retaliation**

Defendant argues Plaintiff may not bring a common law retaliation claim because the TPPA codified, abrogated, and superseded Tennessee's common law theory of retaliatory discharge. (Doc. No. 22 at 5 (citing Tenn. Code Ann. § 50-1-504(g)). As applied to the claims in this case, Defendant is correct.

The TPPA applies to claims of retaliation because of a plaintiff's refusing to remain silent about illegal activities or for refusing to participate in illegal activities. *Williams v. City of Burns*, 465 S.W.3d at 110. Effective July 1, 2014, TPPA is "the exclusive basis for relief" in such cases. *Id*. at 110, n. 11 (citing Tenn. Code Ann. § 50-1-304(g) (as amended)). The TPPA does not, however, abrogate all common law claims of retaliatory discharge. *Id*. Common law retaliatory discharge claims that are not based on the employee's refusal to remain silent about illegal activities or refusal to participate in illegal activities are not affected by the TPPA. *Id*.

Here, however, Plaintiff's common law retaliatory discharge claims are based on her alleged refusal to remain silent about the Co-Worker's "alleged illegal acts." (Doc. No. 26 at 13). Accordingly, the common law retaliatory discharge claim will be dismissed.

The case cited by Plaintiff, *King v. Delfacso, LLC*, 646 S.W.3d 456 (Tenn. Ct. App. 2021), does not require a different result. Although the case itself was resolved long after the 2014 amendment to the TPPA, the plaintiff's claims accrued in 2013 before the 2014 TPPA amendment. *Id*. at 459. Therefore, the TPPA amendment that abrogated and superseded the common law as to actions that accrued after July 1, 2014, did not affect the claims in that case. *See id*. at 467 n.2.

9

## IV. CONCLUSION

For the reasons stated, Defendant's Partial Motion to Dismiss (Doc. No. 21) will be **GRANTED** as to Counts 1 and 3, and **DENIED** as to Count 4.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE