# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| Gail Downing, | ) | |
| | ) | Case No. 3:22-cv-00447 |
| Plaintiff, | ) | |
| | ) | **JUDGE CAMPBELL** |
| v. | ) | **MAGISTRATE JUDGE** |
| | ) | **HOLMES** |
| AstraZeneca Pharmaceuticals LP, | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

## DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

This is not a case about whether Jennifer Page possessed or showed a photograph of a teenager to a provider, nor is it even a case about whether Plaintiff took BCISE samples in violation of AstraZeneca policy. This is a case about whether AstraZeneca terminated Plaintiff's employment "because of" her age, or whether AZ terminated Plaintiff's employment for no reason other than because she "refused to remain silent about illegal activity." Plaintiff has not presented a scintilla of evidence that either age or her "refusal to remain silent about illegal activity" played any role, let alone the sole role, in AstraZeneca's decision to terminate her employment. As such, Plaintiff's claims fail as a matter of law and AstraZeneca is entitled to summary judgment.

Plaintiff's Response in Opposition to AstraZeneca's Motion for Summary Judgment[1] is based on conclusory statements, as opposed to facts or legal arguments, the most glaring of which is her unfounded and unsupported assertion that AstraZeneca has "offered the Court only inadmissible hearsay evidence of its claimed nondiscriminatory reasons for terminating [Plaintiff.]". Resp. p. 1, Docket No. 45. This argument fails in numerous ways, the most basic of which is that Plaintiff never identifies the statements she contends are hearsay. Not only does Plaintiff fail to make this identification, she also fails to present an argument as to why she claims the unidentified statements are hearsay. Rather, she merely states that "AstraZeneca has only offered self-serving declarations which contain numerous levels of hearsay to support its 'legitimate, non-discriminatory' reasons for terminating [Plaintiff]." Resp. p. 15.

The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence *to prove the truth of the matter asserted*." Fed. R. Evid. 801 (emphasis added). While hearsay should not be considered on summary judgment, statements offered *not* to prove their truth, but the state of mind and motive of the declarant, do not constitute hearsay. *See* Fed. R. Evid. 803(3) (outlining exceptions to the rule against hearsay,

---

[1] Plaintiff's Response was due November 20, 2023; however, Plaintiff filed her Response on November 21, 2023.

1

including for a declarant's then-existing state of mind, such as motive, intent, or plan). Thus, statements that are offered to show the effect on the hearer, as opposed to for their truth, are not hearsay and are admissible. In the present matter, as Plaintiff has not identified the statements she contends are hearsay, AstraZeneca is at a disadvantage to address any specific statements included in its Motion for Summary Judgment or supporting Declarations. However, AstraZeneca can definitively state that the declarations of Mike Pomponi and Joshua Davis themselves are not hearsay, as they are statements by declarants. Any statements contained in these declarations are offered to show why Pomponi or Davis came to the conclusions that they did and are also not hearsay.

This very issue was addressed in *Haughton v. Orchid Automation,* 206 F. App'x. 524, 532 (6th Cir. 2006). In *Haughton,* the plaintiff appealed the granting of defendant's summary judgment motion, arguing the defendant's proffered reason for discharging him had no basis in fact because it was based on inadmissible hearsay. *Id.* Specifically, the plaintiff argued that the witness statements taken during the defendant's investigation into allegations against the plaintiff could not be considered on summary judgment. *Id.* In affirming the lower court's decision, the Sixth Circuit held that the district court correctly concluded that the witness statements gathered during defendant's investigation were properly admissible and did not constitute hearsay evidence as they were offered not to prove their truth, but the state of mind and motive of the defendant's managers in discharging the plaintiff. *Id.*[2]

Like in *Haughton*, the investigative reports of Pomponi and Barrow, as well as the witness statements, emails, and text messages gathered by the investigators during their respective investigations are not offered to prove the truth. Rather, AstraZeneca offered them to demonstrate state of mind of the investigators and witnesses and their effect on Bellefeuille when making the

---

[2] *See also King v. Tecumseh Pub. Sch*., 2000 U.S. App. LEXIS 17266, at * 13 (6th Cir. 2000) (explaining that because the affidavits contained the witnesses' state of mind, they were not inadmissible hearsay and were properly considered by the district court in granting the defendant's motion for summary judgment).

2

disciplinary decisions. As such, these statements are not hearsay and are admissible for consideration on AstraZeneca's Motion.

However, as noted above, the Court need not even address AstraZeneca's legitimate, non-discriminatory reason for its decision to terminate Plaintiff's employment as Plaintiff has failed to show a prima facie case of age discrimination[3]. Specifically, Plaintiff has not demonstrated that she was treated less favorably than a similarly situated younger employee (*i.e.*, an Executive DSM who asked three subordinates to get her BCISE samples, discouraged a subordinate from reporting potential concerns to HR, showed her breast to a subordinate, and breached confidentiality during an HR investigation). Rather, in her Response, Plaintiff focuses solely on Bellefeuille's involvement in the termination decision, and she fails to undertake any analysis of Plaintiff's employment status compared to that of Page. Indeed, Plaintiff's entire argument that she has stated a prima facie case is that "Page was similarly situated to Downing *with regard to the purported decision-maker*." Resp. p. 14 (emphasis added). In other words, Plaintiff completely ignores that Plaintiff and Page had different roles and levels of responsibility (Plaintiff was Page's supervisor and had ten subordinates reporting to her whereas Page was an individual contributor); they had different compliance infractions (taking BCISE for personal use (Plaintiff) as opposed to taking BCISE because she was instructed to do so by her supervisor (Page)), and they committed different HR violations. Plaintiff simply has not established that Page is similar in all relevant aspects – she has established they were similar in one aspect. *See Dickens v. Interstate Brands Corp.*, 384 F. App'x 465, 468 (6th Cir. 2010) (the plaintiff must demonstrate that she is similarly situated to the non-protected employee in all relevant aspects).

---

[3] Despite Plaintiff's argument to the contrary, federal courts in the Sixth Circuit assess age-discrimination claims brought under the THRA using the same analysis as those brought under the ADEA. *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 620 (6th Cir. 2006). Plaintiff conveniently omitted a key sentence in the *Pierson* footnote cited in her Response, which provides that "because the Tennessee Supreme Court generally evaluates claims brought under the THRA in the same way as claims brought under federal statutes, we have applied the same 'but-for' causation standard to both ADEA and THRA claims in the years since the Supreme Court decided *Gross*." *Pierson v. Quad/Graphics Printing Corp.*, 749 F.3d 530, 536 n.2 (6th Cir. 2014).

3

Moreover, in the disciplinary context, the law is clear that Plaintiff and the proposed comparator must have engaged in acts of "comparable seriousness" without "such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Clayton v. Meijer, Inc.*, 281 F.3d 605, 611 (6th Cir. 2002). Here, as outlined above and in AstraZeneca's Motion, there are many differentiating and mitigating circumstances distinguishing Plaintiff's conduct from Page's conduct. Accordingly, Plaintiff has failed to establish that a similarly situated younger employee was treated more favorably and therefore has failed to show a prima facie case of discrimination.

Plaintiff claimsthat AstraZeneca's proffered reason for her termination has no basis in fact because she believes that Barrow and Pomponi could have spoken to additional witnesses when investigating allegations against Plaintiff and Page. However, as noted in AstraZeneca's Motion, the law is clear that AstraZeneca's investigations be "optimal" nor must they "leave no stone unturned." *See Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998) (stating "the key inquiry is whether the employee made a reasonably informed and considered decision before taking an adverse employment action"). Rather, the employer must simply show that it made a reasonably informed and considered decision before taking an adverse employment action. *Loyd v. St. Joseph Mercy Oakland*, 766 F.3d 580, 590-91 (6th Cir. 2014); see also *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001) (finding an employer has an honest belief in its reason for discharging an employee where the employer reasonably relied on the particularized facts available at the time the decision was made).

As set forth in its Motion, AstraZeneca had an honest belief in its reason for terminating Plaintiff, based on its thorough investigation into the allegations against Plaintiff. There is simply no evidence that Plaintiff's significant violations did not motivate the termination decision or that there was no basis in fact for AstraZeneca's determination that these violations occurred.

4

Case 3:22-cv-00447    Document 48    Filed 12/05/23    Page 5 of 7 PageID #: 1493

Finally, Plaintiff's argument concerning her TPPA claim conflates Page's (not AstraZeneca's) *hypothetical* motivation for raising allegations against Plaintiff with AstraZeneca's actual motivation for terminating Plaintiff's employment for substantiated compliance and policy violations. Plaintiff cites no authority in support of her argument that because Page may have "retaliated" against Plaintiff by reporting her, AstraZeneca should not have investigated the Compliance and HR violations brought to its attention, likely because none exists. Indeed, it defies credulity to suggest that AstraZeneca should have turned a blind eye to what turned out to be valid concerns because the person who raised them was also under investigation.[4]

There is no evidence that *AstraZeneca* harbored any retaliatory motive against Plaintiff for reporting Page. However, even if AstraZeneca did harbor a retaliatory motive in terminating Plaintiff's employment (which it did not), "[i]n articulating a non-retaliatory reason for discharging the employee, the defendant in a TPPA case need not proffer evidence that unlawful retaliation was not part of its decision to terminate employment." *Id.* at 115. Rather, the employer must only introduce admissible evidence showing that unlawful retaliation was not the *sole* cause of the employment action. *See id.* (citing *Wilson v. Rubin*, 104 S.W. 3d 39, 50 (Tenn. 2002). Here, as articulated in AstraZeneca's Motion, the detailed Compliance and HR Reports demonstrate that AstraZeneca terminated Plaintiff's employment based on her misconduct, *not* because she reported allegations against Page to HR. Plaintiff cannot show and has not shown that retaliation was the sole reason for the termination of her employment. As such, her TPPA claim fails.

WHEREFORE, for the reasons set forth in Defendant's Motion for Summary Judgment and supporting filings, Defendant respectfully requests judgment in its favor and against Plaintiff.

---

[4] Further, it is undisputed that it would also be a violation of AstraZeneca policy for Page to fail to report known compliance violations by Plaintiff. Resp. p. 4, citing Standards of Conduct. Regardless of her motivation for reporting Plaintiff, which is unknown, Page was obligated to report Plaintiff's conduct to AstraZeneca pursuant to the Standards of Conduct.

5

Respectfully submitted,

*/s/ Jennifer S. Rusie*
Jennifer S. Rusie, BPR No. 026009
**JACKSON LEWIS, P.C.**
611 Commerce Street, Suite 2803
Nashville, TN 37203
Telephone: (615) 565-1664
Email: jennifer.rusie@jacksonlewis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on December 5, 2023, the foregoing was filed via the Court's electronic filing system, which will automatically notify and send a copy of that filing to:

Rebecca W. Demaree
Peter C. Robison
CORNELIUS & COLLINS, LLP
211 Athens Way, Suite 200
Nashville, TN 37228
rwdemaree@cclawtn.com
pcrobison@cclawtn.com

*Attorneys for Plaintiff*

*s/ Jennifer S. Rusie*
Jennifer S. Rusie

4878-5380-9813, v. 2