IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **Gail Downing,** | ) | |
| | ) | Case No. 3:22-cv-00447 |
| Plaintiff, | ) | |
| | ) | JUDGE CAMPBELL |
| v. | ) | MAGISTRATE JUDGE |
| | ) | HOLMES |
| **AstraZeneca Pharmaceuticals LP,** | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## MOTION FOR EXTENSION OF TIME NUNC PRO TUNC AND RESPONSE TO OBJECTION TO BILL OF COSTS

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), which permits the Court to, "for good cause, extend the time [for a filing] on motion made after the time has expired if the party failed to act because of excusable neglect," Defendant, AstraZeneca Pharmaceuticals LP ("AZ"), respectfully requests an extension of time, *nunc pro tunc,* to file its Bill of Costs by one week, from September 6, 2024, to September 13, 2024.

This Court granted AZ's Motion for Summary Judgment and entered judgment in favor of AZ on August 7, 2024. Docket No. 55, 56, 57. As such, the deadline for AZ to file its Bill of Costs was September 6, 2024. Due to a calendaring error in AZ's counsel's docketing department, the deadline to file the Bill of Costs was not entered on counsel for AZ's calendar. When counsel for AZ realized this error, counsel for AZ promptly filed the Bill of Costs. Docket No. 58. The costs in this matter total $3,651.60. *Id.*

Counsel for AZ asserts that its failure to timely file the Bill of Costs was due to excusable neglect. "Excusable neglect," as defined by the Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, encompasses a wide range of behavior, including "both simple, faultless omissions to act and, more commonly, omissions caused by

1