UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GAIL DOWNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:22-cv-00447 |
| v. ) | |
| ) | Judge William L. Campbell, Jr. |
| ASTRAZENECA PHARMACEUTICALS ) | |
| LP, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## NOTICE REGARDING TAXATION OF COSTS

On September 13, 2024, Defendant Astrazeneca Pharmaceuticals LP filed a Bill of Costs seeking recovery of $3,651.60. (Doc. No. 52). Pursuant to Local Rule 54.01, upon expiration of the fourteen (14) day notice period required under Federal Rule of Civil Procedure 54(d)(1), "the Clerk shall tax costs as sought by the prevailing party unless an objection is filed by the opposing party." L.R. 54.01. Plaintiff Gail Downing filed timely objections to the Bill of Cost on September 16, 2022, challenging the timeliness of Defendant's filing. (Doc. No. 59). Defendant filed a Response to Plaintiff's Objections and Motion for Extension of Time Nunc Pro Tunc on September 18, 2024. (Doc. No. 60). The Court granted Defendant's Motion on April 4, 2025. (Doc. No. 61).

Defendant's Bill of Costs seeks recovery of $3,651.60, itemized as follows:

- Costs for mediation services rendered: $656.25, and

- Fees for electronically recorded transcripts necessarily obtained for use in the case: $2,995.35.

1

ANALYSIS

To award costs, the Clerk must determine whether the expenses sought are allowable under 28 U.S.C. §1821, 28 U.S.C. § 1920, or other applicable authority, and that the amounts are reasonable and necessary. *See Banks v. Bosch Rexroth Corp.,* 611 F. App'x 858, 860 (6th Cir. 2015). [A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494, 2499, 96 L. Ed. 2d 385 (1987). Defendant is not seeking recovery of costs pursuant to 28 U.S.C. § 1821. As a result, the Clerk's review will be limited to costs recoverable § 1920.

Section 1920 authorizes an award of the following costs:

1. Fees of the clerk and marshal;
2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title; and
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "Necessity is determined as of the time of taking . . .." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). "The prevailing party is prima facie entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption." *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).

A. **Fees for Mediation Services Rendered**

Defendant seeks recovery $656.25 for one-half of the services rendered by mediator Ann Hunter. (Doc. No. 58-1 at p. 6). The Clerk denies Defendant's request for mediation fees because "[m]ediation fees do not fall within any category of recoverable costs listed in § 1920

2

and, therefore, are not recoverable. *See* Madison Cap. Co., LLC v. S & S Salvage, LLC, No. 4:08-CV-00134-JHM, 2011 WL 3667673, at *6 (W.D. Ky. Aug. 22, 2011).

### B. Fees for Printed or Electronically Recorded Transcripts

Defendant requests an award of costs in the amount of $2,995.35 for printed or electronically recorded transcripts and associated court reporter costs. Based upon a review of the invoices, the Clerk finds that none of the requested transcripts can be awarded as costs at this time. As explained in the Court's Bill of Costs Guidelines[1], "Costs of deposition transcripts that do not set forth the number of pages or rate-per-page will not be taxed." (Guidelines, p. 7, Sec. C.2.). None of the invoices provided include a per page rate to aid in the determination of whether the costs are reasonable. Additionally, the Defendant's request includes the cost of expedited transcripts, which are not recoverable without a supporting declaration form counsel explaining why an expedited transcript is necessary. (Guidelines, p. 7, Sec. C.5.).

Based upon the foregoing, the Clerk denies Defendant's Bill of Costs [58] without prejudice to refiling within fourteen (14) days. Any revised submission must include supporting documentation as set forth in the Bill of Costs Guidelines.

s/ Lynda M. Hill<br>
Lynda M. Hill<br>
Clerk of Court

---

[1] www.tnmd.uscourts.gov/sites/tnmd/files/TNMD%20Bill%20of%20Costs%20Guidelines%20v4.10.2024%20-%20FINAL.pdf